## Case No. 14,327.

### In re ULRICH et al.

[3 Ben. 355; [1] 3 N. B. R. 133 (Quarto, 34).]

District Court, S. D. New York. Aug., 1869.

JURISDICTION—WITHDRAWING APPEARANCE—BILL AND PETITION—PLEADING.

1. The general appearance of a party to a suit in personam waives all irregularities in the service of process, and confers jurisdiction so far as the person is concerned.

2. Such jurisdiction, when once conferred, cannot be withdrawn by the act of the party who has so appeared, without the consent of the court, or of the prosecuting party.

3. On a petition by an assignee in bankruptcy, seeking to set aside transfers of property by the bankrupts to K., the court made an order requiring K. to show cause why the prayer of the petition should not be granted, which order was personally served on K., in Illinois. Thereupon a general appearance for K. by an attorney, was filed with the clerk of the court, and served on the attorney for the petitioner, and proceedings on the order to show cause stood over for the party to answer. On the adjourned day, the attorney for K. filed a withdrawal of his appearance for K., stating that the same had "been made by mistake." Held, that the attorney had no right to withdraw such appearance without application to the court for leave to withdraw it, and that the court had jurisdiction over K. to grant the relief prayed for against him.

4. The objection that the relief sought must be obtained by bill, instead of on petition, was one which could be waived, and must be held to have been waived, if not taken by pleading.

[In the matter of Isaac Ulrich and others, bankrupts.]

A. R. Dyett and B. C. Thayer, for petitioner.

J. B. Bullock, for Kaufman.

Kaufman, Frank & Wilcoxson, for Steiner & Brother.

BLATCHFORD, District Judge. The prayer of the petition of the assignee in bankruptcy in this matter is, that an assignment, alleged to have been made by the bankrupts to one Gustav Kaufman, on the 11th of January, 1869, two months and sixteen days before the adjudication of bankruptcy herein, and when the bankrupts were insolvent, of certain goods, wares, and merchandise, with intent to give a preference to certain of their creditors, and a transfer alleged to have been made by the bankrupts, when insolvent, to the firm of Steiner & Brother, at the same time, of certain goods and merchandise, with intent to give a preference to Steiner & Brother, as creditors, Kaufman and Steiner & Brother having reasonable cause to believe that the bankrupts were insolvent, and that the assignment and transfer were made in fraud of the bankruptcy act [of 1867 (14 Stat. 517)], and to prevent the property from being distributed thereunder, and to defeat the provisions thereof, may be adjudged void, and that so much of the property as is not excepted from the operations of the act, may be delivered to the petitioner as assignee.

Kaufman and Steiner & Brother having been personally served, at Peoria, Illinois, on the 6th of July, 1869, with an order, made by this court on the 25th of June, 1869, requiring them to show cause before this court, on the 15th of July, 1869, why the prayer of the petitioner should not be granted, appeared in this court, on the last-named day, on the return of the order, each by a separate attorney of this court, and a written appearance for each, by his attorney, entitled in this matter, was, on that day, entered and filed with the clerk of this court, the notices of appearance so filed being each of them addressed to the clerk of the court, and to the attorney for the petitioner in said petition. The matter then stood over for the parties so appearing to answer the petition. On the 29th of July, Steiner & Brother put in an answer, denying the receipt by them of any property on account of the bankrupts, in respect of any indebtedness of the bankrupts to them. On the same day, the attorney who had appeared for Kaufman filed, in the office of the clerk of this court, a paper entitled in this matter and signed by himself, but not addressed to any person, and reading as follows: "I hereby withdraw my appearance in behalf of Gustav Kaufman in the above-entitled matter, the same having been made by mistake." Kaufman has put in no answer to the petition, and claims that his appearance has been legally and properly withdrawn, and that this court has now no jurisdiction over him, and that the service on him, in Illinois, of the order issued by this court, was of no avail to confer on this court jurisdiction over his person.

There can be no doubt that this court has jurisdiction, by virtue of the first section of the bankruptcy act, to adjudicate in regard to the matters set up in the petition, in respect to both of the adverse parties, provided it obtains jurisdiction over their persons. The bankruptcy proceeding was instituted in and is pending in this court. The object of the petition by the assignee is to collect assets of the bankrupt, and to ascertain and

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

liquidate liens and specific claims on such assets. The jurisdiction of this court in such a case, under the first section of the act, is established by the decision of the circuit court for this district. In re Kerosene Oil Co. [Case No. 7,726]. The question whether such jurisdiction shall be exercised in a plenary suit commenced by bill in equity, or in an informal and summary way, by a petition filed as a part of the case in bankruptcy, the adverse party being brought into court by personal service or by voluntary appearance, is one which such adverse party may raise, if he chooses, or may waive. It is a question as to the form of proceeding, and not one which affects the jurisdiction of the court as to the subject-matter of the controversy, provided the adverse party is brought into court, or comes into court personally, in a proper manner. If such party, when so in court, does not raise, by demurrer or quasi demurrer or by answer, any objection to the method of proceeding by petition, he must be held to waive such objection. The objection must be taken in season, and it comes too late if not taken by pleading to the petition, or before the time for pleading to it has expired. I do not regard the decision of the circuit court in the case before referred to, as inconsistent with this view or as covering this point. In that case, the objection to the proceeding by petition was taken at the time the court made an order requiring the party to answer the petition. In the present case, the two adverse parties were required, by the order of this court, served upon them personally, to show cause, on the 15th of July, 1869, before this court, why the relief asked for in the petition should not be granted. Both of them appeared on that day by attorney, in the manner before mentioned. Time was given to them until the 29th of July to answer the petition. Steiner & Brother answered it, setting up the defence before-mentioned, but taking no objection to the form of procedure. Kaufman put in no demurrer, plea of answer, and voluntarily suffered his time to do so to expire. He contented himself with putting on the files of the court, on the adjourned day, the attempted withdrawal of his appearance, before referred to. This court cannot recognize such withdrawal as of any avail. The appearance was by a notice signed by an attorney of this court, and placed on the files thereof, and addressed to the clerk and to the attorney for the petitioner, and entitled in this matter, and using this language: "Take notice that I hereby appear for Gustav Kaufman in the above matter." This appearance would have been effective to confer jurisdiction over Kaufman in this matter if there had been no previous service on him of any order to show cause. The appearance was thus effective, without reference to the question whether or not, without it, the service of such order in Illinois would have been in-

effectual to confer such jurisdiction. The object of process in a suit in personam is, to secure the appearance of the party, and his general appearance waives all irregularities in the service of such process, and confers jurisdiction so far as the person is concerned. That jurisdiction, when thus once conferred, cannot be withdrawn by the act of the party who has so appeared, without the consent of the court or of the prosecuting party. No such consent has been given or applied for in this case. The allegation by the attorney, in the notice of withdrawal, that the appearance was put in by mistake, and that it is withdrawn for that reason, is of no avail. It is not stated whether the mistake was one of law or one of fact. If it was one of law, the party making it must abide its consequences. If it was one of fact, the court must pass upon the existence and pertinence of the fact, and allow the withdrawal, on previous notice to the prosecuting party. It is clear, therefore, that this court has jurisdiction over Kaufman, by his appearance; that his withdrawal of appearance is unavailing; that he has waived all objection to the form of proceeding; that the court has jurisdiction of the subject-matter of the petition; and that the petitioner is entitled to a decree against Kaufman for the relief prayed for. This court has jurisdiction, also over Steiner & Brother by their appearance and answer, and they have waived all objection to the proceeding by petition. A reference must be had to take testimony as to the issue raised by such answer.

[For subsequent proceedings, see Case No. 14,-328.]