## Case No. 13,637.

### In re SUTHERLAND.

[6 Biss. 526.] [1]

District Court, N. D. Illinois. March, 1876.

BANKRUPTCY—ASSETS — CERTIFICATE OF MEMBERSHIP IN BOARD OF TRADE.

A certificate of membership in a board of trade is not an asset which passes to the assignee in bankruptcy.

[Cited in Re Gallagher, Case No. 5,192; Re Ketchum, 1 Fed. 842; Re Warder, 10 Fed. 277.]

[Cited in Barclay v. Smith, 107 Ill. 357.]

In bankruptcy. Motion for a rule on the bankrupt [Israel Sutherland], a member of the Chicago Board of Trade, that he assign and transfer to the assignee his certificate of membership in said board. The bankrupt opposes the rule on the ground that the certificate is not an asset which passes to the assignee.

Samuel Kerr, for assignee.

Ewing & Leonard, for Sutherland.

F. Ullmann, for Board of Trade.

BLODGETT, District Judge. The Chicago Board of Trade is a corporation constituted by a special act of the legislature of Illinois, with a nominal capital of $200,000. The object of the association is declared to be: "To maintain a commercial exchange; to promote uniformity in the customs and usages of merchants; to inculcate principles of justice and equity in trade; to facilitate the speedy adjustment of business disputes; to acquire and disseminate valuable commercial and economic information; and generally to secure to its members the benefits of co-operation in the furtherance of their legitimate pursuits."

By its charter the corporation is prohibited from carrying on any business except such as is usual in the management of boards of trade or chambers of commerce. No dividends are made upon its stock. The funds of the association are derived mainly from the initiation fees paid by members, annual assessments, and such fines and fofeitures as are imposed upon members for the violation of its rules and regulations, and are expended in the expenses of the organization in procuring and disseminating information among members. Persons are admitted as members on written application indorsed by two members, and on approval by the affirmative ballots of at least two-thirds of the members of the board of directors, and the payment of the initiation fee of $1000, and signing an agreement to abide by the rules, regulations and by-laws of the association, and all amendments duly made thereto. Any member is liable to be expelled or suspended for the violation of the rules and regulations, extortion, bad faith, dishonorable or dishonest conduct.

It will be seen there is no pecuniary profit to the members of this body, further than what is derived from the incidental use made by a member of the privileges which his membership gives him. It confers no property rights; that is, it represents no interest in property, but only, like the membership of a Masonic lodge, or church, or social club, confers upon the member the privileges of the order.

There is a provision in the rules by which a member who has paid all assessments due, and has against him no outstanding or unadjusted or unsettled claims or contracts held by the other members, whose membership is not in any way impaired or forfeited, may transfer his certificate to any other person eligible to membership, after ten days' notice, posted on the bulletin board of the exchange, and approved by a vote of two-thirds of the board of directors, and it is admitted that at the present time a membership will sell for about $500, when the seller and buyer are able to comply with the regulations in regard to transfer. I have been unable to find any direct authority bearing upon this question, but from analogies I can not see what right this membership confers that can be called property. True, it may be valuable to the member, as is a license to a pedlar, auctioneer, distiller or liquor dealer; but it confers a mere personal privilege. It does not pass to the assignee in bankruptcy by operation of law. The assignee does not become

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

clothed with the rights of membership by virtue of his office and the deed by the register, as he does in respect to the other assets of the bankrupt. He does not even succeed to the rights of a purchaser except by consent of the proper quorum of the board of directors. The certificate expresses nothing which the assignee can use except by the favor and consent of others.

Without discussing the question further, then, I am of the opinion that the bankrupt's membership in this board, being in the nature of a franchise, title, or privilege, does not vest in or pass to his assignee, and cannot be treated as a portion of his assets. It confers no property right, but only the right to trade upon the board, frequent its chambers and exchanges, participate in the information collected, and avail himself of the remedies given to members under the by-laws. But he cannot sell these privileges to a stranger without the consent of the board, through its board of directors, and then only on certain conditions. The rule is denied.