### *In Re* KETCHUM.

*(District Court, S. D. New York.* February 6, 1880.)

BANKRUPCY—SEAT IN NEW YORK STOCK EXCHANGE.—A seat in the New York Stock Exchange is property which passes to an assignee in bankruptcy, and the court will require the bankrupt to make a transfer of the same.

*O. E. Bright,* for assignee.

*C. W. Betts,* for bankrupt.

CHOATE, J. This is an application for an order requiring the bankrupt Ketchum to make a transfer of his seat in the New York Stock Exchange to the assignee in bankruptcy, or to such person as the assignee may procure as a purchaser of the seat. The real question is whether the right or privilege, which a bankrupt holds as a member of this stock exchange, is to be regarded as property which passes to his assignee in bankruptcy, under the bankrupt law, for the benefit of his creditors. If it is, then whatever it may be necessary for the

bankrupt to do to make the right available to the assignee he will be required to do.

I think the case cannot be distinguished in principle from the case of *Gallagher* v. *Lane*, 19 N. B. R. 224, in which it was determined that a Washington market lease was property that belonged to the assignee. As in that case the consent of the city was necessary to a transfer, so here the consent of a committee of the stock exchange is necessary to a transfer of this right. The seat, however, has an actual pecuniary value, which the rules of the society, as interpreted and applied in practice, permit the holder to realize, by a sale and transfer. There is no practical difficulty in effecting a transfer of this right or interest for a pecuniary consideration, subject to the condition that the debts of the present holder to members are first paid; and the right or privilege is to all intents and purposes a business right or privilege, useful for business purposes only. I see nothing in the rules of the exchange which renders it impossible for the seat to be disposed of by the assignee in bankruptcy, with the co-operation of the bankrupt, subject to the condition above mentioned.

The equity of the creditors in the matter is as obvious as in the case of the market lease. This seat in the board was actually used as part of the business capital of these bankrupts as stock-brokers. To suffer the bankrupt still to hold it virtually withdraws several thousand dollars in value of their business assets from the creditors.

In the case of *Hyde* v. *Woods*, 4 Otto, 523, I understand it to be distinctly intimated that membership in a stock board, where the transferee of a seat cannot become a member except by election, is property which will pass to the assignee in bankruptcy, subject to a similar condition as to debts due to other members. The provision giving members a right somewhat in the nature of life insurance, is merely an incident of membership and a mere contingency, and does not, in my judgment, take this business privilege or asset out of the category of business property. I think this particular feature

of the case is not enough to distinguish it from *Hyde* v. *Woods*.

The case of *In re Sutherland*, 6 Biss. 526, can, perhaps, be distinguished from *Hyde* v. *Woods*, and from *In re Gallagher*, on the ground suggested in the latter case, that the right in that case was less distinctly of a mere business character. But if not, I am not satisfied, by the reasoning in that case, that property like this seat in the New York Stock Exchange was not intended to pass to the assignee in bankruptcy, under the bankrupt law.

The controlling consideration is, as it seems to me, that practically, and whatever its form or incidents with respect to other matters may be, it is a part of the bankrupt's business assets, or more generally of his property, which it was the primary design of the bankrupt law to distribute among his creditors, and that the peculiarities which distinguished this from other property are, in view of the evident purpose and scope of the bankrupt law, unessential; mere technicalities— cob-webs—which the law is strong enough to break through.

Let an order be entered requiring the bankrupt to execute any transfer, assignment, or other instrument necessary for the purpose of vesting the title to his seat in the New York Stock Exchange in such person as the assignee in bankruptcy may procure as transferee.