## *In re* WARDER.

(*District Court, D. New Jersey.* February 6, 1882.)

**1. MEMBERSHIP IN CORPORATION AS ASSETS.**

Membership in a corporation, organized for business purposes, is property which passes to the assignee in bankruptcy, under sections 5044 and 5046 of the Revised Statutes, and which creditors of a bankrupt are entitled to have applied to the payment of their debts.

In Bankruptcy.   Rule on bankrupt to transfer property.

*Hamilton Wallis,* for the assignee.

*A. Marks,* for the bankrupt.

NIXON, D. J.   This is an application to the court for a rule upon the bankrupt, directing and requiring him to transfer his membership in the New York Produce Exchange to his assignee in bankruptcy, and to execute all writings necessary for that purpose.   The motion is resisted by the bankrupt, on the ground that the certificate of membership is not an asset belonging to the creditors under the provisions of the bankrupt law.

The single question is whether membership in a corporation organized for the purposes expressed in the charter of the produce exchange is property which passes to the assignee in bankruptcy, under sections 5044 and 5046 of the Revised Statutes.

The charter and by-laws of the association were produced on the argument, and from these I learn that the original act of incorporation was passed by the legislature of the state of New York on the nineteenth of April, 1862; that the name of the corporation was "The New York Commercial Association;" that its purposes were to provide and regulate a suitable room or rooms for a produce exchange in the city of New York; to inculcate just and equitable principles in trade; to establish and maintain uniformity in commercial usages; to acquire, preserve, and disseminate valuable business information; and to adjust controversies and misunderstanding between persons engaged in business.   The act further authorized the corporation to take and hold by grant, purchase, and devise real and personal property, to an amount not exceeding $300,000, for the purposes of the association.   On the thirteenth of February, 1868, an amendment to the charter was obtained, changing the name from "The New York Commercial Association" to "New York Produce Exchange;" and on the nineteenth of May, 1873, another amendment was passed, au-

thorizing the corporation to take and hold real and personal property to an amount not exceeding $1,500,000.

The third section of the by-laws provides that "any respectable person, on the proposal of one member, seconded by another, and on presentation of a written application stating the nature of his business, and such other facts as the board of managers may require, after 10 days' notice of such application has been conspicuously posted upon the exchange, shall be admitted to membership, if elected by the board of managers, on presentation of a certificate of membership duly assigned to him, and on the signing of an agreement to abide by the charter, by-laws, and rules of the exchange, and all amendments that may be made thereto."

The fourth section enacts that "each member shall be entitled to receive a certificate of membership, bearing the corporate seal of the exchange, and the signatures of the president and secretary, which shall be transferable upon the books thereof, to any person eligible to membership, upon the payment of a transfer fee of five dollars and any unpaid assessments due thereon. The certificate of membership of a deceased member may be transferred by his legal representatives."

This, then, is a business corporation, the members of which have certain privileges, and upon its dissolution would receive their proportionate share of its assets. Any respectable person is eligible to membership, although no one can be elected without the vote of the managers. When elected such person becomes entitled to his seat on the presentation of a certificate of membership duly assigned to him, and on signing an agreement to abide by the charter, by-laws, and rules of the exchange. Such a provision clearly contemplates the assignment of the certificate to persons who are not at the time members. The bankrupt, therefore, before his bankruptcy, had the power of selling and assigning his certificate of membership to any one who was willing to purchase the same, and take the risk of an election by the board of managers. It had and has a market value, the statement being made on the argument, without contradiction, that it would readily bring several thousand dollars. Under the circumstances I have no difficulty, on principle, in holding that membership in such an exchange is property which the creditors of a bankrupt are entitled to have applied to the payment of their debts.

In *Hyde* v. *Woods*, 94 U. S. 523, the supreme court so treated it,

although that was not the precise question in the case. "There can be no doubt," says Mr. Justice Miller, speaking for the whole court, "that the incorporeal right which Fenn, the bankrupt, had to this seat when he became bankrupt was property, and the sum realized by the assignees from its sale proves that it was valuable property. Nor do we think there can be any reason to doubt that if he had made no such assignment it would have passed, subject to the rules of the stock board, to his assignee in bankruptcy."

I am aware that *In re Sutherland*, 6 Biss. 526, Judge Blodgett seems to have come to a different conclusion. I have read the case with care, hoping to find some provisions in the charter of the Chicago Board of Trade to distinguish it from the case under consideration. This I have been unable to do; but *Hyde* v. *Woods, supra,* is subsequent in date, and in questions of this sort it is my duty to follow the supreme court. The district court of the United States for the southern district of New York, in February, 1880, made an order requiring a bankrupt to vest the title to his seat in the New York Stock Exchange in the assignee in bankruptcy. I think the present application falls within the principle of that case, and I approve of the reasoning of Judge Choate in his opinion granting the order. *In re Ketchum,* 1 Fed. Rep. 840.

Let an order be entered directing the bankrupt to transfer his membership in the New York Produce Exchange to the assignee.