## *In re* WERDER, Bankrupt.

*(Circuit Court, D. New Jersey. March 28, 1883.)*

BANKRUPTCY—ASSETS—MEMBERSHIP IN PRODUCE EXCHANGE.

Membership in a produce exchange is property which passes to the assignee in bankruptcy as assets of the debtor's estate.

Bill of Review.

*A. Marks*, for bankrupt.

*Hamilton Wallis*, for assignee.

McKENNAN, J. The bankrupt is a certificated member of the New York Produce Exchange, and the only question presented by his bill is, whether his membership in that institution is an asset, available to his creditors, through his assignee, or not. If it is, the order made by the district court, of which the bankrupt complains, was right. I regard the question as conclusively settled by the opinion of the supreme court in *Hyde* v. *Woods*, 94 U. S. 523. Mr. Justice MILLER, speaking for the court, there says:

"There can be no doubt that the incorporeal right which Feun had to this seat when he became bankrupt was property, and the sum realized by the assignees from its sale was valuable property. Nor do we think there can be any reason to doubt that, if he had made no such assignment, it would have passed subject to the rules of the stock board, to his assignee in bankruptcy, and that, if there had been left in the hands of the defendants any balance, after paying the debts due to the members of the board, that balance might have been recovered by the assignee."

It is futile to contest the authoritativeness of this statement by the criticism that it was unnecessary to the decision of the question be-

fore the court, and, therefore, was only the individual opinion of the judge who spoke for the court. But it was not only proper, but necessary to ascertain and determine the nature and character of the interest claimed by the plaintiff that the court might pronounce judgment upon the merits of the controversy between the parties. The plaintiff was the assignee of a bankrupt member of the San Francisco Stock Exchange. If the bankrupt's membership in that institution was a mere personal privilege, and in no sense property, then it did not pass under the assignment, and the plaintiff could not maintain any action touching it for want of title. But to consider the merits at all, and to determine the legal rights of the parties in reference thereto, it was necessary for the court to define the character of the subject of the controversy, and so to pass upon the validity of the claim of the defendants to the proceeds of its sale; they, therefore, held it to be property, which passed under the assignment in bankruptcy, subject to the rules of the exchange, which provided for the prior appropriation of the proceeds of its sale to debts due to its members, and hence that such appropriation was not within the scope of the provisions of the bankrupt law against preferences.

Regarding the opinion, then, as authoritative, it rules this case, and it is, therefore, ordered that the bill be dismissed with costs.