In re EMRICH.

(District Court, W. D. Pennsylvania. March 28, 1900.)

No. 41.

1. BANKRUPTCY—ASSETS—LICENSE.

A license to occupy a stall in a city market is property of the licensee, which will pass to his trustee in bankruptcy; and the court of bankruptcy has power to order the bankrupt to transfer such license to his trustee, and to make such application to the licensing authorities for the reissue of the license to the trustee or his vendee as is customarily required by those authorities.

2. SAME—JURISDICTION—PARTIES.

On the trustee's application for an order requiring the transfer of such license to him, it being contended that the license was a mere personal privilege, which the bankrupt was exercising in connection with the business carried on by his wife at such stall, she was brought into the case by petition and rule to show cause. She made no objection before the referee to the jurisdiction of the court, or the mode in which she was made a party, and did not claim the license by transfer from her husband, but contested the application on the ground that the license was not such property as would vest in the trustee and that the latter was chargeable with laches. *Held,* that she could not be heard to object to the jurisdiction of the court on petition to review a decision of the referee adverse to her claims.

In Bankruptcy. On review of decision of referee in bankruptcy.

Chas. A. Woods, for petitioner.

H. L. Castle and M. R. Trauerman, for trustee.

BUFFINGTON, District Judge. That a license to occupy a stall in a city market is property which passes from a bankrupt licensee to his trustee is established by the authorities. In re Gallagher, 16 Blatchf. 410, Fed. Cas. No. 5,192 (a market stall); In re Becker (D. C.) 2 Nat. Bankr. News, 245, 98 Fed. 407 (a liquor license in Pennsylvania); In re Brodbine (D. C.) 93 Fed. 643 (a liquor license in Massachusetts); Hyde v. Woods, 94 U. S. 523, 24 L. Ed. 264; Sparhawk v. Yerkes, 142 U. S. 12, 12 Sup. Ct. 104, 35 L. Ed. 915; In re Warder (D. C.) 10 Fed. 275 (stock-exchange seat). As the bankruptcy

act provides that "the trustee of the estate of the bankrupt. * * * shall be vested by operation of law with the title of the bankrupt * * * to all * * * powers which he might have exercised for his own benefit, * * * [and] property which prior to the filing of the petition he could by any means have transferred," and this court is authorized to "make such orders * * * as may be necessary for the enforcement of the provisions of this act," it is clear it has power to order the bankrupt to transfer such license to the trustee, and thus enable such trustee, or his vendee, to secure the reissue of the license by the city. In re Gallagher, supra. The court therefore had jurisdiction of the subject-matter and of the person of the bankrupt to make and enforce such order. In this case it was denied the license was property passing to the bankrupt's trustee, but contended it was a mere personal privilege, which the bankrupt could not be compelled to transfer. It was not pretended the bankrupt had conveyed the license, but that it was a mere personal privilege which he was now exercising in connection with his wife's business at said stall. Therefore his wife, Amelia Emrich, was brought into the case by petition and rule. She raised no question of jurisdiction or objection as to the mode in which she was brought into the proceeding. She filed an answer, in which she averred the license in question was a mere personal privilege to Charles Emrich; that it was not a right which passed to the trustee; and that the laches of the trustee were such as to preclude him from asserting it against her. At no time before the referee, or, indeed, until the hearing of this certificate, was any question of jurisdiction raised. On the contrary, testimony was taken, a statement of facts agreed upon, and certain previously taken testimony stipulated into the case. On the issues raised by her, the referee has found against her. She now complains, not that the conclusion reached was wrong, but that the referee had not jurisdiction of the case presented above. We think the court had jurisdiction of the case presented by the original petition, and had power to determine whether this was property such as passed to a trustee, and whether the bankrupt should execute a transfer. When Amelia Emrich was brought in, she showed no title or transfer adverse to the bankrupt. There was no pretense that the license did not still stand in the bankrupt's name, but she asserted it was a personal right in the bankrupt which was not a subject of bankrupt administration, and that the laches of the trustee was such as to now prevent him from succeeding to the licensee's rights. She made no pretense of having purchased the license from the bankrupt. She merely claimed to be availing herself in her business of the said license. We think these questions were incidental to the main question of which the court had already taken jurisdiction; and in determining the nature of this license, and whether it should be transferred to the trustee, it had the right to call before it all parties concerned in that question, and dispose of all incidental questions. Fetter, Eq. p. 13; Winton's Appeal, 97 Pa. St. 395; Allison's Appeal, 77 Pa. St. 227; McGowin v. Remington, 12 Pa. St. 63; Souder's Appeal, 57 Pa. St. 498; Socher's Appeal, 104 Pa. St. 615. Whatever her answer to the rule on her might be, it is clear it could not devest the

court's jurisdiction of the original subject-matter. Whether she could thus be brought in by rule, and her claim determined by this means, if objected to, is a question not now before us, and upon which we express no opinion. Suffice it to say she has submitted herself to the jurisdiction of the court, has invited its action upon her rights, and, having taken the chance of a favorable decision by the referee, she cannot now for the first time complain of lack of jurisdiction when the decision is adverse. Mays v. Fritton, 20 Wall. 418, 22 L. Ed. 389; Adams' Appeal, 113 Pa. St. 454, 6 Atl. 100; Edgett v. Douglass, 144 Pa. St. 100, 22 Atl. 868; 12 Enc. Pl. & Prac. 191; In re Ulrich, 3 Ben. 355, Fed. Cas. No. 14,327. We are therefore of opinion that Charles Emrich, the bankrupt, was and is the licensee of the stall, that his rights as licensee are vested in the trustee, and that he should be ordered to execute and deliver to the trustee such transfer and assignment to James A. Cooper, trustee, of such license, and such request to be made to the authorities of the city for a reissue of the license to him or his vendee, as is customarily required by said authorities.