grand committees, and all appeals and grievances from subordinate lodges and members thereof. There is evidence upon which the learned trial court could determine that this remedy was clear to the plaintiff in this claim against the defendant. I think that as the plaintiff did not resort to the remedy prescribed by the constitution, which was the contract between him and the defendant, the judgment of the court was justified, and may be affirmed. Lafond v. Deems, 81 N. Y. 507, 514; Poultney v. Bachman, 31 Hun, 49; Johansen v. Blume, 53 App. Div. 526, 65 N. Y. Supp. 987. I think the court had power to allow the amendments to the answer. In Hawkes v. Burke, 34 Misc. Rep. 189, 68 N. Y. Supp. 798, the supreme court, appellate term, per O'Gorman, J., held that a municipal court may grant an amendment to the pleadings, although it may involve a new cause of action or a new defense. The reasoning of the opinion seems to me correct and cogent. The learned counsel for the appellant criticises this decision upon two grounds: First. In that the learned court failed to take into consideration section 723 of the Code of Civil Procedure, which, by subdivision 6 of section 3347, Id., is made applicable to all courts. But I think that the extension of this section to all courts was not intended to limit the broad powers of amendment conferred upon municipal courts by section 2944 of the Code, but, on the contrary, to make their powers of amendment more definite. Second. It is contended that the legislature would not be presumed to clothe justices of the peace or the municipal courts with powers greater than those conferred upon the supreme court. The answer is that the powers conferred upon the municipal court are no greater than those inherent or conferred upon the supreme court at its trial and its special terms. Section 2944 makes provision for an adjournment in case a party amends his pleading, and thus practically affords similar protection to the opposite party, as though he had been sent from the trial to the special term in an action in the supreme court. I think that the other amendments were within the power of the municipal court.

Judgment affirmed, with costs. All concur.

———————

(68 App. Div. 125.)

In re GLENDINNING et al.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

TAXATION—MEMBERSHIP IN STOCK EXCHANGE—NONRESIDENT.
    Capital invested by a nonresident of the state in a seat in the New York Stock Exchange is property taxable in the state.

Appeal from surrogate's court, New York county.

Proceeding for assessing and determining the tax to be paid by the estate of Robert Glendinning, deceased, for the transfer of a seat or membership in the New York Stock Exchange. From an order affirming the report of the appraiser, the executors, Ellen E. Glendinning and others, appeal. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. C. Arnold, for appellants.

Julius Offenbach, for respondents.

VAN BRUNT, P. J.   The single question to be determined upon this appeal is whether a seat or membership in the New York Stock Exchange of a nonresident of this state is taxable under the law in relation to taxable transfers.   This depends entirely upon whether such a seat in the New York Stock Exchange is to be considered as personal property.   We do not think, in view of the decision of the court of appeals in People v. Feitner, 167 N. Y. 1, 60 N. E. 265, that this question is open to discussion.   It is true that the appellants seem to rely upon this authority as sustaining their proposition. But an examination of the opinions delivered by the court in that case shows that, although such a seat in the New York Stock Exchange is not personal property under the restricted definition of the tax law, yet it is undoubtedly capital invested in business in this state, which has a market value, and  can be bought and sold.   If it is capital invested in business in this state, it is property, as it is difficult to see how capital invested in business, which has a market value, and can be bought and sold, does not fall within the term "property." The restrictions under which this property is held in no way affect its character.   They may detract from or add to its value.   As was said by Mr. Justice Vann in the opinion in the case cited:

"The money used by him to buy his seat was neither thrown away nor given away, but was used to pay for property of great value, which was the main instrumentality for carrying on the business in which he was engaged. It is difficult for me to see what was done with the money unless it was invested."

These expressions of the learned judge clearly show that what was bought was property, and it appears that it can be sold, and is of great value.

We think, under these circumstances, that the decree of the surrogate was right, and should be affirmed, with costs.   All concur.

---

## REYNOLDS v. COHEN.

(Supreme Court, Appellate Division, Second Department.   January 24, 1902.)

APPEAL—HARMLESS ERRORS.

Where a lease obligated the lessee to keep the premises in good order and pay the water rates, but it appeared that water rates amounting to $144 were left unpaid, and that it was necessary for the lessor to expend $76 in removing refuse from the premises, and $69 in necessary repairs, and the court rendered judgment against the lessee for $348,—substantial justice appearing to have been done,—the judgment will not be reversed for technical objections not going to the merits, under Code Civ. Proc. § 3063, requiring the appellate court to render judgment according to the justice of the case, without regard to technical errors not affecting the merits.

Appeal from municipal court.

Action by William T. Reynolds against Bernard Cohen.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.