1. TRANSFER TAX—PROPERTY SUBJECT—GOOD WILL OF BUSINESS.
   Under Laws 1896, c. 908, § 2, subd. 4, authorizing a transfer tax on personal or real estate, a transfer of the good will of a business is not subject to tax.

In the matter of the estate of Robert G. Dun, deceased. From the report of the appraiser assessing tax thereon, the executor appeals. Reversed.

Rastus S. Ransom, for executor.
Julius Offenbach, for State Comptroller.

THOMAS, S. The decedent was, at the time of his death, engaged in carrying on business under the name of R. G. Dun & Co., and was the sole owner of that business. The appraiser designated for the purposes of the transfer tax included, as an item of property assessed by him, "Good will of the business of R. G. Dun & Company, $2,000,000." The value of such good will is conceded, and was, indeed, determined upon the consent of all the parties in interest; but the executor appeals from the order fixing the tax made on the appraiser's report, and insists that "good will" is not property, within

the meaning of the tax law, and that a transfer of good will, under a last will of a decedent, is not subject to the transfer tax.

By subdivision 4 of section 2 of chapter 908 of the Laws of 1896, known as the "Tax Law," under the heading "Definitions," it is enacted that:

"The terms 'personal estate' and 'personal property,' as used in this chapter, include chattels, money, things in action, debts due from solvent debtors, whether on account, contract, note, bond or mortgage; debts and obligations for the payment of money due or owing to persons residing within this state, however secured or wherever such securities shall be held; debts due by inhabitants of this state to persons not residing within the United States for the purchase of any real estate; public stocks, stocks in moneyed corporations, and such portion of the capital of incorporated companies, liable to taxation on their capital, as shall not be invested in real estate."

In People ex rel. Cornell S. Co. v. Dederick, 161 N. Y. 195, 210, 55 N. E. 927, it was determined that the good will of a business is not real property, upon any theory, and that it is not personal property, as defined in this section, and is consequently not included as personal property liable to taxation.

The Appellate Division of the Supreme Court in this department has determined in Matter of Estate of Theodore Hellman, 77 App. Div. 355, 79 N. Y. Supp. 201, that this definition is applicable to article 10 of the tax law, being that part of the law referring to taxable transfers. In that case it was held that a seat in the New York Stock Exchange, of the value of $65,000, was improperly included in the assessment of the property of a decedent, subject to transfer tax; because it was not covered by that definition; and that the decision to the contrary in Matter of Glendinning's Estate, 68 App. Div. 125, 74 N. Y. Supp. 190, affirmed 171 N. Y. 684, 64 N. E. 1121, having been made as to a transfer which took effect prior to the passage of the tax law, and while the transfer tax law of 1892 was in force, was not applicable. Upon the authority of this decision, the definition of the tax law must control, and the good will of the business of the decedent was improperly included in the appraisal. The order appealed from must be reversed, and the matter remitted to the appraiser.

Order reversed, and matter remitted to appraiser.