In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of THEODORE HELLMAN, Deceased.

FRANCIS HELLMAN et al., as Executors, etc., Respondents; THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant.

TRANSFER TAX — A SEAT IN THE NEW YORK STOCK EXCHANGE IS "PROPERTY" WITHIN THE MEANING OF SECTION 242 OF TAX LAW AND LIABLE TO THE TRANSFER TAX. The present Tax Law (L. 1896, ch. 908), being a revision and consolidation of previous statutes relating to taxation, the scheme of taxation therein provided for must be considered as a continuation and reproduction of that existing under the statutes superseded by it and not as an original scheme, and the tax imposed upon the devolution of property by will or intestacy having been, from its inception, entirely distinct from the ordinary annual taxes upon property, the definition of the personal property upon which such tax is imposed is not not that of subdivision 5 of section 2 of the Tax Law (L. 1896, ch. 908, as amd. by L. 1901, ch. 490), which is a reproduction of the provisions of law then in force regulating general taxation, but is that contained in section 242 in the article relating to taxable transfers (L. 1896, ch. 908, art. 10), and applicable to the transfer tax alone, which provides that "The words 'estate' and 'property,' as used in this article,  *  *  *  shall include all property or interest therein, whether situated within or without this State;" a seat in the New York Stock Exchange being " property " within the meaning of the latter definition is subject, therefore, to the inheritance transfer tax prescribed by article 10 of the Tax Law, upon the death of the owner thereof and its devolution to his personal representatives.

*Matter of Hellman*, 77 App. Div. 355, reversed.

(Argued March 16, 1903; decided March 31, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 12, 1902, which reversed an order of the New

York County Surrogate's Court assessing a transfer tax upon the estate of Theodore Hellman, deceased.

The facts, so far as material, are stated in the opinion.

*Louis Marshall, George M. Judd* and *Edward H. Fallows* for appellant. Under the Transfer Tax Act of 1892, as in force prior to the enactment of the Tax Law of 1896, a Stock Exchange seat was property subject to a transfer tax. (*Matter of Glendinning*, 68 App. Div. 125 ; 171 N. Y. 684; *People ex rel. v. Feitner*, 167 N. Y. 1 ; *Powell v. Waldron*, 89 N. Y. 328 ; *Platt v. Jones*, 96 N. Y. 24; *Hyde v. Woods*, 94 U. S. 524 ; *Matter of Ketchum*, 1 Fed. Rep. 840 ; *Ritterband v. Baggott*, 10 J. & S. 556.) A Stock Exchange seat having been declared to be property, subject to a transfer tax prior to the enactment of the Tax Law of 1896, it is insisted that no change in the law has been wrought by the revision of the tax laws in this state by the legislature of 1896, and that it is still subject to the tax. (*Matter of Sherman*, 153 N. Y. 1 ; *Matter of Plummer*, 30 Misc. Rep. 19 ; *Plummer v. Coler*, 178 U. S. 115 ; *Matter of Huntington*, 168 N. Y. 399 ; *People ex rel. v. Roberts*, 157 N. Y. 70 ; *Matter of Bronson*, 150 N. Y. 1, 6 ; *Matter of Harbeck*, 161 N. Y. 211 ; *Matter of Gihon*, 169 N. Y. 443 ; *United States v. Perkins*, 163 U. S. 625.)

*George W. Seligman* for respondents. Decedent's membership in the New York Stock Exchange is clearly not personal property within the meaning of the Tax Law of 1896. (*People ex rel. v. Feitner*, 167 N. Y. 1 ; *Powell v. Waldron*, 89 N. Y. 328; *Platt v. Jones*, 96 N. Y. 24; *Hyde v. Woods*, 94 U. S. 523 ; *Matter of Davis*, 149 N. Y. 539 ; *Matter of Sloane*, 154 N. Y. 109.) The transfer tax is a special, not a general, tax, and the act in relation thereto must, therefore, be strictly construed against the state and in favor of the taxpayer. (*Matter of McPherson*, 104 N. Y. 306 ; *Matter of Enston*, 113 N. Y. 174 ; *Matter of Vassar*, 127 N. Y. 1 ; *Matter of Harbeck*, 161 N. Y. 211.)

CULLEN, J. The question presented by this appeal is whether a seat in the New York Stock Exchange, of which the deceased died the owner, is subject to the inheritance or transfer tax prescribed by article 10 of the Tax Law. The surrogate held that the tax was properly imposed. The Appellate Division by a divided court reversed that decision.

Prior to the enactment of the Tax Law (Chap. 908, Laws of 1896) the legislation which imposed ordinary annual taxes and that which exacted a tax on the devolution of property by will or intestacy were entirely distinct. The first, in one form or other, had existed from the formation of the government. The latter was of comparatively recent origin. It was settled that under the law as it stood prior to the act of 1896 a seat in the exchange was subject to the inheritance or transfer tax (*Matter of Glendinning*, 68 App. Div. 125 ; affirmed, 171 N. Y. 684); but it has also been held that it could not be assessed for annual taxation. (*People ex rel. Lemmon* v. *Feitner*, 167 N. Y. 1.) The difficulty in the present case has been occasioned by the revision of the law and the consolidation of the previous legislation into a single statute, the Tax Law of 1896. In subdivision 5 of section 2 of the statute is given the definition of personal property as used in the chapter or act. It is a reproduction of the provisions of law then in force regulating general taxation. Article 10 deals with " taxable transfers " or inheritance tax. By section 220 of the statute (the first section of the article) it is enacted that a certain tax shall be imposed on the transfer of any real or personal property under circumstances therein enumerated. The majority of the court below were of opinion that the definition of personal property already mentioned controlled the provisions of this article and that as the definition did not, under the decisions of this court, include a seat in the exchange, the seat was not subject to the transfer tax. If the statutory scheme of taxation were an original one and the provisions quoted were the only ones which referred to the subject-matter, the argument of the learned Appellate Division would be cogent and probably conclusive. But by

a subsequent section of the article on taxable transfers (section 242) new definitions are given applicable to the transfer tax alone: "The words 'estate' and 'property,' as used in this article, * * * shall include all property or interest therein, whether situated within or without this State." That a seat in the exchange is property and passes to a receiver or to an assignee in bankruptcy has been authoritatively determined by the decisions of both this court and the Supreme Court of the United States. (*Powell* v. *Waldron*, 89 N. Y. 328; *Platt* v. *Jones*, 96 N. Y. 24; *Hyde* v. *Woods*, 94 U. S. 524; *Page* v. *Edmunds*, 187 U. S. 596.) In the *Lemmon* case we did not question this proposition, but our decision proceeded on the ground that the seat did not fall within what Judge VANN termed "the somewhat restricted definition of the tax laws."

In determining the construction to be given to the broad and comprehensive language of section 242, we must consider that the statute has a history plainly indicating the trend of legislative action and that as to the transfer tax it is a literal reproduction of the then existing law. First enacted in 1885 (Chap. 483) the Inheritance Tax Law was limited to property passing to collateral relatives. It was subjected to repeated amendments, the effect of which in nearly every instance was either to enlarge the class of persons subject to the tax or to extend its application to some species of property which the courts had held not to fall within its terms. The distinction between property justly subject to ordinary taxation and that liable to the imposition of the transfer tax was early appreciated. In *Matter of Knoedler* (140 N. Y. 377) a policy of life insurance payable to the estate of the deceased was held subject to the tax. In the opinion there rendered Judge MAYNARD said: "The argument is made that it is only property which is liable to taxation under the General Tax Law of the state which can be taxed under the act relating to taxable transfers, and that, inasmuch as life insurance policies cannot be included in the valuation of a taxpayer's property under the general law, they cannot be considered in assessing a

17

tax upon the collateral inheritance. The main premise upon which this proposition rests is manifestly inadmissible. The Taxable Transfer Law has no reference or relation to the general law * * * it proceeds upon a new theory of the right of the government to tax and establishes a new system of taxation. It takes the right of succession to property and measures the tax in the method specifically prescribed. All property having an appraisable value must be considered, whether it is such as might be taxed under the general law or not. Many kinds of property might be enumerated which are not assessable under the general law, but which are appraisable under the collateral inheritance tax." Such was the settled construction of the inheritance tax laws when the act of 1896 was passed. That act, as already said, was a revision of the existing law, and an attempt to bring into a single statute all existing legislation relative to taxation by the state. In *Henavie* v. *N. Y. C. & H. R. R. R. Co.* (154 N. Y. 281) Judge VANN said : " The rule in the case of a revision of statutes is that where the law, as it previously stood, was settled either by adjudication or by frequent application of the statute without question, a mere change in the phraseology is not to be construed as a change in the law, unless the purpose of the legislature to work a change is clear and obvious." Therefore, because section 242 prescribes that " all property " shall be subject to the transfer tax and because the revision of the statute should not be held to work a change in the settled law unless the legislative intent to that effect is clearly manifest, we are of opinion that the seat held by the testator was subject to the tax imposed upon it.

The order of the Appellate Division should be reversed and that of the surrogate affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order reversed, etc.