## SUPREME COURT.

FRANK FRITZ agt. MICHAEL MUCK, as president of the St. Stephen's Society.

*Voluntary joint association — Right of an expelled member thereof to bring action for restoration to membership — Such action well brought against the president — Propriety of expulsion may be reviewed in suit — Member entitled to notice — Right to suspend weekly payments not to be passed upon by the court.*

An action may be maintained against the president of a voluntary joint association by an expelled member thereof, to compel his restoration to membership.

The object is to place himself in a position where he can reach the joint property; and in this view the action is in regard to the joint property and rights of the association, and is within the purpose designed to be accomplished by the acts of 1849 and 1851, and that was, that where an association of the character there specified was liable to be sued it should not be necessary to make all the members parties.

The propriety of the expulsion may be reviewed in such suit.

Although the rules of the association did not provide that notice should be given, they were in this respect unreasonable and the member to be

expelled should have notice and an opportunity should be given to him to be heard.

The right to recover certain weekly payments which were suspended by the expulsion will not be passed upon by the court.

*Onondaga Special Term, August,* 1881.

1. THE defendant Michael Muck was during the years 1878 and 1879 the president of a German voluntary joint association, named in the complaint herein, consisting of about ninety members, who resided at Syracuse, New York, and who were jointly possessed of, interested in and entitled to, certain property accumulated by said society from initiation fees, dues and assessments collected from the members.

2. The purposes and objects of this association were to promote christianity and to encourage an observance of the Catholic religion, and to secure to the various members of said association mutual aid in the days of sickness and death.

3. By the terms of their constitution the various members of the association agreed to, and were bound to pay from time to time various fixed dues and assessments, and also to render such other services or assistance to their fellow members requiring the same as they should from time to time be directed to perform.

4. In consideration of the various agreements and obligations assumed by the members, the said association by its constitution provided, among other things, that every member should receive in case of sickness, or in case of inability to work, three dollars for every seven days, if no arrears of payment exist, and that aid received from the society is not to be considered a gift, but an absolute right founded upon money advanced by the members.

5. During the year 1869 the plaintiff, being possessed of the necessary qualifications, duly became a member or associate of said society, and continued as such from that time to the time of the alleged expulsion hereinafter mentioned, and during said time, in pursuance of the provisions of the con-

Fritz agt. Muck.

stitution of said society, paid his dues and assessments and performed the various services required of him.

6. On or about the 24th day of April, 1878, the plaintiff became ill, and thereupon notified the proper officer of the association of the fact, as provided by the rules of the society, and thereupon the said association, or its relief committee, being satisfied of the fact of sickness paid the plaintiff the sum of three dollars per week from the 1st day of May, 1878, to the 10th day of July, 1878, after which time the said association discontinued said payments and have not since paid the plaintiff anything, but have refused to pay him.

9. On the 28th July, 1878, the said society, at a regular meeting thereof, adopted a resolution expelling the plaintiff therefrom " on account of being falsely sick," that being the ground expressed in the resolution, and under this resolution the association claims that the plaintiff has forfeited all rights under the constitution and by-laws of the society.

10. By one of the by-laws of the association, it is provided that whoever falsely reports himself sick, or, in fact, imposes upon the society in any way, shall be fined in money, suspension or expulsion. This by-law was adopted after the plaintiff became a member, at a meeting at which he was present. . The resolution of expulsion was based on this by-law.

11. The plaintiff had no notice of the charge against him referred to in said resolution, or any opportunity of being heard in regard thereto, and he had no notice or knowledge of any proposed action in regard thereto at said meeting, and he was not present at said meeting. The constitution or by-laws did not make any provision for notice in such cases.

12. By the constitution and by-laws, means were provided by the society for ascertaining, through a committee, as to the fact of sickness or inability to work, and prior to the 28th July, 1878, such committee examined into the facts of plaintiff's case and reported that he was able to work; this report was adopted by the society, and, thereafter, at the same meeting, the said resolution of expulsion was passed.

13. The said association at or prior to the 28th July, 1878, as a body, or by its committee duly appointed, according to its rules, determined that the plaintiff was not physically in a situation to be entitled to the said weekly relief, and such determination was not made in bad faith or by fraud, and since that time no new application for relief has been made by the plaintiff.

14. That said plaintiff has no means of obtaining relief from the consequences of said expulsion, within said society, nor in pursuance of any of the provisions of its constitution or by-laws.

15. The plaintiff offered to pay his dues as a member of said association, and the said society refused to receive the same on the alleged ground that he had been expelled therefrom.

*Louis Marshall*, for plaintiff.

*I. D. Garfield* and *J. C. Hunt*, for defendant.

MERWIN, *J.*— The defendant Muck is the president of an incorporated association, consisting of about ninety members, formed for the purpose, among other things, of furnishing aid to its members in sickness, and having a fund arising from the payment of initiation fees, fines and assessments.

The plaintiff became a member in 1869, and continued to be such till the 28th of July, 1878, when the association, at a regular meeting, passed a resolution expelling him on account of being falsely sick. The plaintiff had, from about May first to July tenth, received the weekly benefit allowed to the sick. This action is brought on the equitable side of the court, and this plaintiff in his complaint asks that he be restored to his rights as a member or associate of said association, and that the said association account to him for the amount of weekly stipend or allowances which have accrued since the 10th of July, 1878, and be directed to pay the same

to this plaintiff, and that he may have such other and further relief as shall be just and equitable.

The first question to be disposed of is whether an action of this kind can be brought against the president of the association under chapter 258 of the Laws of 1849, as amended by chapter 455 of 1851. In *Roobe* agt. *Russell* (2 *Lans.*, 244, *General Term, First District*, 1869), this question was discussed as well as the merits of the case, but on which ground the case was decided does not appear. In *Olery* agt. *Brown, President* (51 *How.*, 92), it was held at special term that the action could be properly brought in that form.

The fact that plaintiff is himself one of the members does not prevent suit being brought in that form, if in other respects it is proper (*Westcott* agt. *Fargo*, 61 *N. Y.*, 542; *Sallsman* agt. *Shults*, 14 *Hun*, 256).

The object of the plaintiff in this action is to place himself in a position where he can reach the joint property. In that view the action is in regard to the joint property and rights of the association. It is within the purpose designed to be accomplished by the acts of 1849 and 1851, and that was, that where an association of the character there specified was liable to be sued, it should not be necessary to make all the members parties. The president, as such, should represent the whole. The expression "joint rights," in the statute, should receive a liberal interpretation in order to accomplish the remedy designed by the statute. The case of *White* agt. *Brownell* (2 *Daly*, 356), was similar to the present one, but the point now under consideration was not raised.

In my opinion, the present action, so far as the form in which the defendant is sued, is properly brought.

Coming to the merits of the case, the question is whether the propriety of the expulsion of plaintiff can be reviewed here, and if so, whether it was proper. Cases are cited showing that the proper remedy is by *mandamus* where parties seek restoration to the membership of a corporation (*People* agt. *N. Y. Benevolent Society*, 3 *Hun*, 361, *and cases cited*).

This does not, I think, apply to an unincorporated association (*see White* agt. *Brownell*, 2 *Daly*, 329, 358). In the latter case, if the party has any remedy, it is by suit.

The defendant's association, in this case, had adopted a by-law authorizing expulsion for the cause alleged against the plaintiff. The plaintiff was bound by this by-law. It was passed in 1874, while he was a member, and he was, presumably on the evidence, present at its passage. The association, therefore, acted within its jurisdiction when it expelled the plaintiff. No notice was given to the plaintiff of the charge; no opportunity given to him to be heard. The rules of the association did not provide for any notice to be given. In this respect they were not reasonable. The charge against plaintiff involved not only expulsion, but disgrace. He was not present at the meeting and it was one at which he was not obliged to attend. Had he been expelled after notice and in accordance with the rules, this court would not have interfered (2 *Daly*, 329; 2 *Whart.*, 309; 52 *Penn.*, 125). As the case stands he is entitled to relief in this regard.

But the defendant's counsel suggests that the evidence shows that plaintiff was guilty of the charge, and therefore relief should not be given by reason of want of notice. This calls on the court to enforce the rules of the organization and try the party in a manner not provided for by them. This position is not, in my opinion, tenable.

The expulsion then being invalid, what about the weekly payments which were then suspended; can the right to recover them be passed upon here? Those were payable in case of sickness or inability to work. The association, by its rules, provided a means of ascertaining the circumstances under which, or by reason of which, the party should be entitled. The degree of sickness or inability was, in the very nature of the case, an open and indefinite matter. How much departure from the standard of full health would be necessary, or what the standard should be, or what would constitute inability

to labor, would, in many cases, be very difficult to determine by any legal rules.

The propriety, therefore, if not necessity, of leaving this matter to be determined by the society or its committee, according to its own rules, assented to by all its members is, to my mind, very apparent. And as long as the society and its committee acted in good faith, without fraud, their determination should be deemed conclusive.

Fraud is not in terms alleged in the complaint. Assuming that it is inferentially, the question is whether it is established by the evidence. In my opinion it is not. The case of plaintiff was a peculiar one, physicians disagreed about it; it was under consideration for several weeks before the final action of the society. As the case then stood, I don't think fraud or bad faith can be fairly charged against the society or its committee. Their determination, therefore, that the plaintiff was not then in a situation to be entitled to the weekly relief is conclusive. No action has since been taken by them on the subject, or any new application made by plaintiff. If, on proper application, they should refuse to act or act in bad faith, what remedy the plaintiff would have is not necessary to here determine.

My conclusion is that the plaintiff is entitled to a judgment declaring the said expulsion invalid and restoring him to all his rights as a member of said association. He should also recover the costs of this action.