WEIDENFELD v. KEPPLER.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. MANDAMUS—VOLUNTARY ASSOCIATIONS—REINSTATEMENT OF MEMBERS.
    Mandamus will not lie to compel an unincorporated voluntary association to reinstate an expelled member.
2. SAME—STATUTORY AUTHORITY.
    Code Civ. Proc. § 1919, providing that in certain instances actions may be brought against voluntary associations of seven or more persons, does not authorize the issuance of mandamus to compel a voluntary unincorporated association to restore an expelled member to his rights.

Appeal from Special Term, New York County.

¶ 1. See Mandamus, vol. 33, Cent. Dig. § 259.

Application by Camille Weidenfeld for a writ of mandamus against Rudolph Keppler, as president of the New York Stock Exchange, to compel respondent to reinstate applicant as a member. From an order denying the application, applicant appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Herbert R. Limburger, for appellant.
Lewis Cass Ledyard, for respondent.

O'BRIEN, J. The petitioner was suspended for one year from the New York Stock Exchange, and seeks reinstatement by a writ of mandamus. The Special Term, as appears from its opinion, "considered no question other than whether a writ of mandamus lies against a voluntary and unincorporated association of individuals," and denied the motion, not as an exercise of the discretion of the court, but "solely upon the ground that a writ of mandamus does not lie against the respondent, because the New York Stock Exchange is a voluntary and unincorporated association of individuals." From the order thus entered denying his application the petitioner appeals.

The single question upon this appeal, therefore, is whether mandamus is the proper remedy to restore the petitioner to his rights as a member of the New York Stock Exchange. It is conceded that the exchange is not a corporation, but is a voluntary association of individuals, governed by a constitution which creates the rights of membership therein and fixes the terms and conditions in accordance with which they may be acquired, continued, and lost. The nature of such bodies has been frequently defined by our courts. White v. Brownell, 2 Daly, 329; Belton v. Hatch, 109 N. Y. 593, 17 N. E. 225, 4 Am. St. Rep. 495; Commercial Telegram Co. v. Smith, 47 Hun, 494. It must likewise be recognized that membership therein is a valuable right (Matter of Hellman's Estate, 174 N. Y. 254, 66 N. E. 809; Matter of Glendinning's Estate, 68 App. Div. 125, 74 N. Y. Supp. 190), and in the case of the petitioner was one by virtue of which he was earning his livelihood, which right and the privileges thereto pertaining he will lose during the period of his suspension. The question, therefore, is whether a mandamus is a proper remedy for the purpose of having determined whether or not he is entitled to be reinstated as a member.

It would serve no useful purpose to set forth at length the history of the writ of mandamus, its origin, development, and extension, as these have been fully gone over in textbooks and decisions both in this country and in England. See High on Extraordinary Legal Remedies; Spelling on Injunctions and other Extraordinary Remedies; Merrill on Mandamus. Its function, generally speaking, has been to enforce performance of some act or duty commanded by statute or relating to some public matter or right; and the textwriters and the decisions all agree in holding that it will not be extended to enforce private rights based on contract. Nor will the writ lie against an unincorporated body to require the restoration of an expelled member. In Merrill on Mandamus, § 157, the principle is thus stated:

"The writ of mandamus lies to private corporations. This might be considered to be an exception to the general rule that this writ only runs to

public officers. However, such jurisdiction is well established, and the reason given is that such corporations are the creation of the government, and that a supervisory or visitorial power is always impliedly reserved to see that corporations act agreeably to the end of their institution, that they keep within the limits of their lawful powers, and to correct and punish abuses of their franchises. Such visitorial power is exercised by the state through its common-law courts. It is the acceptance of the charter which subjects the corporation to the supervision of the proper legal authorities. Consequently, the court will not attempt by the writ of mandamus to regulate the affairs of unincorporated societies or associations."

We are aware that there are expressions to be found in decisions, both in England and in the United States, which would not seemingly place such limitations upon the writ. Thus, in Kentucky v. Dennison, 24 How. 66, 16 L. Ed. 717, Chief Justice Taney says:

"It is equally well settled that a mandamus in modern practice is nothing more than an action at law between the parties, and is not now regarded as a prerogative writ. It undoubtedly came into use by virtue of the prerogative power of the English crown, and was subject to regulations and rules which have long since been disused. But the right to the writ, and the power to issue it, have ceased to depend upon any prerogative power, and it is now regarded as an ordinary process in cases to which it is applicable."

And in Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60, Chief Justice Marshall quotes with approval from Lord Mansfield in Rex v. Baker, 3 Burrows, 1265:

"Whenever there is a right to execute an office, perform a service, or exercise a franchise (more especially if it be a matter of public concern, or attended with profit), and a person is kept out of possession or dispossessed of such right, and has no other specific legal remedy, this court ought to assist by mandamus, upon reasons of justice, as the writ expresses, and upon reasons of public policy, to preserve peace, order, and good government."

In this connection, however, it should be noted that in King v. Benchers of Grays Inn, 1 Douglas, 353, Lord Mansfield denied an application to compel admission to the degree of barrister because the Inns of Courts were voluntary societies, and not corporations. Similarly, in Appleford's Case, 1 Mod. 89, it was held that a writ of mandamus will not lie to restore a fellow of New College in Oxford, who has been removed; one of the justices saying:

"I conceive this is such a college as no mandamus should go to in any case whatsoever; for it is but a private society, and hath no influence upon the public."

In this state the writ has been extended to restoration to membership in private corporations (People ex rel. Doyle v. Benevolent Society, 3 Hun, 361), medical societies (People v. Medical Society, 32 N. Y. 187), churches (People ex rel. Griffin v. Steele, 1 Edm. Sel. Cas. 505), and political committees (People ex rel. Coffey v. Dem. Gen. Com., 164 N. Y. 335, 58 N. E. 124, 51 L. R. A. 674). Our attention is particularly called to its extension to restore to membership in the New York Produce Exchange. Haebler v. Produce Exchange, 149 N. Y. 414, 44 N. E. 87; People ex rel. Johnson v. Produce Exchange, 149 N. Y. 401, 44 N. E. 84. With respect to that exchange, however, an examination will show that it has a state charter and is thus in no different position from any other incorporated company. And in all of the instances in which the writ has been thus allowed, it appears that

the bodies against which the writ has issued have all been beholden to the state for their franchise or charter or the exercise of their functions, or a right was involved which was derived from the state, and it was because the question presented thus partook of a public nature that the mandamus issued. We have been referred to no case, nor do we think one exists, wherein a court in this state has ever allowed the writ as against a voluntary unincorporated association to restore to membership therein; but, on the contrary, all the cases sustain a directly opposite view.

The reasons for the distinction thus made with reference to the writ as applied to a corporation and to an unincorporated body are elaborately discussed in White v. Brownell, supra, in the opinions rendered at Special Term and at General Term, both of which are therein reported. In the opinion at General Term, Judge Daly, speaking of this distinction, says:

"In an unincorporated voluntary association, like the one now under consideration, the privilege of membership is not given by statute or derived through prescription, as in a corporation, but is created by and conferred by the organization itself. It is not a franchise—a franchise being a particular privilege vested in individuals, which is conferred by a grant from a sovereign or government (Finch's Law, 164; 3 Kent's Com. 458); while, on the contrary, the privilege of membership in a voluntary association is derived exclusively from the body that bestows it and may be conferred or withheld at its pleasure. The law cannot compel such an organization to admit an individual to membership, as may be done in the case of a corporation, nor can it interfere to restore a member who has been deprived of the privilege for not complying with the conditions upon which the enforcement of it was made to depend."

The same view was taken in Fritz v. Muck, 62 How. Prac. 69; People ex rel. Kelsey v. New York Medical School, 29 App. Div. 244, 51 N. Y. Supp. 420; People ex rel. Ins. Co. v. Nash, 47 Hun, 542.; People ex rel. Coppers v. Trustees, 21 Hun, 184; People ex rel. Dilsher v. German Church, 53 N. Y. 103; People v. Benevolent Society, 3 Hun, 361.

As opposed to this line of authorities, uniform in this state, the appellant presents not a single decision; and we might go further, and say that with respect to the courts of all our sister states, with the exception of California, no case is cited which will support the contention that the writ of mandamus has ever been allowed as against a voluntary unincorporated association to restore rights of membership. This fact would seemingly be sufficient to dispose of the question before us, were it not that the appellant urges that a change has been effected by section 1919 of the Code of Civil Procedure, which provides when actions may be brought by and against associations of seven or more persons. There is, however, nothing in that section expressly relating to mandamus; all that the section was intended for being to permit actions or proceedings to be brought and remedies to be enforced to obtain adequate relief against such a body. In other words, it provides the means by which our courts can obtain jurisdiction, and puts the unincorporated association, so far as suing and being sued is concerned, in the same position as an individual. But a writ of mandamus will not issue as between individuals in a private con-

troversy, although such individuals may sue and be sued. In providing, therefore, by the section of the Code referred to that actions and proceedings may be brought by or against such associations, it was not intended, and it would be a forced construction to hold, because they now have legal capacity to sue and be sued, that each and every legal process of whatever kind and description available against either public or private individuals and corporations may be leveled singly or together against such unincorporated associations. What was intended was that with respect to the actions that might be maintained by and against unincorporated associations, they were placed in the same category with individuals, but for and against them in each instance the appropriate remedy must be selected. The effect of the Code provision is to give the court jurisdiction over unincorporated associations; but we are not now concerned with an inquiry into the jurisdiction or the power of the court, because, assuming the court to have both, the question whether it will exercise its power for the purpose of reinstating a member in an unincorporated association is the one to which our attention is directed. That is but another way of asking whether, in such a case, mandamus is the proper remedy. Where there is a duty imposed by statute upon an unincorporated association, then, upon refusal to discharge such statutory duty, the court, on a showing that there is no other adequate remedy for its enforcement, would no doubt allow the writ of mandamus. This, however, is not such a case; and although the court has undoubted jurisdiction and power, it will never assume to use it for the purpose of extending the writ beyond the prescribed limitations; one of which, as we have endeavored to point out, is that its use will not be permitted to restore to rights of membership in an unincorporated association. We agree, therefore, with the learned judge at Special Term that for this purpose mandamus is not the proper remedy and does not lie.

It accordingly follows that the order appealed from should be affirmed, with costs. All concur.