In the Matter of AUGUST BERNOLA, Respondent, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, the Commissioner of Motor Vehicles appeals from an order annulling his refusal to issue an operator's license to petitioner, striking out as insufficient in law certain statements of new matter contained in his answer and denominated as a " SEPARATE AND COMPLETE DEFENSE ", and directing him to allow petitioner to be examined as to his fitness and qualifications as an automobile operator or chauffeur, and to issue a license to petitioner if he should be found to be so qualified. In making the order appealed from the Special Term construed the word " fitness ", as used in subdivision 1 of section 20 of the Vehicle and Traffic Law, as relating only to the applicant's capacity to operate a motor vehicle. Order reversed on the law, with $50 costs and disbursements, respondent's motions denied, and appellant's motion for a final order dismissing the petition granted, with $50 costs. In our opinion the defense of new matter contained in appellant's answer was sufficient in law to establish that his action in denying respondent's application for an operator's license was taken after an independent investigation of respondent's fitness, as provided in subdivision 5 of section 71 of the Vehicle and Traffic Law, and that his determination was within the discretionary power granted to him by that statute, and was neither unlawful, arbitrary nor capricious. The commissioner's answer alleged, inter alia, that he had examined into respondent's fitness and had found that he is a convicted book-maker and had been convicted of reckless driving and speeding. The commissioner further found that respondent's license had been revoked in March, 1947, in a proceeding instituted on a complaint by the District Attorney of Nassau County that respondent had avoided an additional conviction of book-making by testimony that he could neither read nor write. It was established on the hearing held on this complaint that he could read, but his license was revoked because he had made a false statement on his application therefor. Thereafter he was convicted of driving while his license was revoked. The commissioner further alleged that thereafter, and prior to May 9, 1951, when the present application was made, respondent had made several applications for an operator's license, all of which had been denied. On those applications respondent failed to give full and true answers to the questions appearing on the application forms. It was further alleged that inquiry of the law enforcement authorities of Nassau County had elicited the information that respondent had been engaged in criminal activities for a period of years. None of these allegations of new matter were put in issue (Civ. Prac. Act, § 1292), it being respondent's position that the statutory authority vested in the commissioner does not permit him, in determining the fitness of an applicant for a license, to consider any qualification other than capacity to operate a motor vehicle. We do not agree with respondent's interpretation of the statute. In our opinion the commissioner's determination was made in the exercise of discretion vested in him by subdivision 5 of section 71 of the Vehicle and Traffic Law, and within the limits of his discretionary power, as implied on consideration of that statute

in the light of its history and purpose. (Cf. *Matter of Small* v. *Moss*, 277 N. Y. 501.) In view of the procedure adopted, no triable issue of fact was raised by the pleadings, and as respondent had failed to establish that the determination was arbitrary or capricious, or that he had a clear legal right to the relief demanded, appellant's motion for a final order should have been granted. Findings by the Special Term, as to the sufficiency of the evidence to support the commissioner's findings on the occasion of the revocation of the license in 1947, insofar as they may constitute findings of fact, are reversed. The propriety of that determination was not before the court for review. Nolan, P. J., Adel, and Wenzel, JJ., concur; Johnston and Schmidt, JJ., dissent and vote to remit the matter to Special Term for a determination of the issues, as provided in section 1295 of the Civil Practice Act.