Louis L. Friedman, J.
In a proceeding under article 78 of the Civil Practice Act, to annul and rescind the resolutions and action of the board of directors of the respondent organization, an unincorporated association, whereby petitioner was suspended as a member thereof, and to restore petitioner to his full rights of membership, respondent moves to dismiss the petition as a matter of law on the ground that it does not state facts sufficient to warrant the relief sought. The application herein is in its nature, one for mandamus. Petitioner’s rights against the unincorporated respondent arise out of a private contract. Such rights were not enforcible by mandamus at common law. In Matter of Weidenfeld v. Keppler (84 App. Div. 235, affd. on opinion below 176 N. Y. 562) the court said (p. 237): “It would serve no useful purpose to set forth at length the history of the writ of mandamus * * *. Its function, generally speaking, has been to enforce performance of some act or duty commanded by statute or relating to some public matter or right, and the text writers and the decisions all agree that it will not be extended to enforce private rights based on contract. Nor will the writ lie against an unincorporated body to require the restoration of an expelled member.” The cases cited by petitioner where mandamus was allowed, all involved corporate bodies. In the Weidenfeld case (supra), the court notes why mandamus was allowed therein by saying at page 239: “ [They] have all been beholden to the State for their franchise or charter or the exercise of their functions, or a right was involved which was derived from the State, and it was because the question presented thus partook of a public nature that the mandamus issued.” However, the court also points out that such relief is not available as against an unincorporated body, stating: “In an unincorporated voluntary association * * * the priviledge of membership is not given by statute or derived through prescription, as in a corporation, but is created by and conferred by the organization itself. It is not a franchise — a franchise being a particular priviledge vested in individuals, which is conferred by a grant from a soverign or government * * * while, on the contrary, the priviledge of membership in a voluntary association is derived exclusively from the body that bestows it, and may be conferred or withheld at its pleasure. The law cannot compel such an organization to admit an individual to membership, as may be done in the case of a corporation, nor can it interfere *606 to restore a member who has been deprived of the privilege for not complying with the conditions upon which the enjoyment of it was made to depend. ’ ’ Accordingly, the motion to dismiss the petition is granted, without prejudice, however, to the institution of an action by petitioner if he be so advised, for the purpose of the enforcement of his rights.
Settle order on notice.