Michael Catalano, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act, for an order to ‘ ‘ rezone petitioner’s property ” and to direct the issuance of a “ permit for public sign.”
The petition states, in effect, that the petitioner has resided on New Oregon Road, Town of Eden, for over 40 years; that the Zoning Ordinance, Town of Eden, Erie County, New York, became effective January 1, 1949; that although petitioner and his wife own ‘e about 20 acres with 6 buildings and house located thereon,” the portion to he rezoned consists of “ about 525 feet deep and 350 feet wide; ” that 60 feet distant therefrom is land of Fred Bowman who has consented to “ such rezonement; ” that petitioner has “ sold and repaired farm implements and equipment to the public at this same location since 1940; ” that petitioner applied to have his said property rezoned and for permission to erect a business sign, both of which applications were denied; that such rezoning involves a change from an agricultural to a business district; that section 90, entitled “ Non-Conforming Uses,” of said Zoning Ordinance is unconstitutional.
That, accompanying said petition, an affidavit of-petitioner’s son, Howard H. Winter, states, in effect, that on March 30, 1948, he conducted a motor scooter business, “ selling and repairing the scooters at my father’s residence; ’ ’ that he had a sign “ 2% Ft. x 3 Ft, which was located in front of my father’s house for about 4 or 4% years advertising my name and product; ” that from 1941 to 1951, “ I overhauled cars, fixed and overhauled tractors and farm equipment for various farmers for a price; ” that petitioner “ has sold and carried on a farm implement business selling implements and equipment to the farmers in addition to repairing the same for the public since 1940 to the present date.”
The answer is, in effect, a general denial, and contains a first defense, alleging that the said premises are in an agricultural district and petitioner’s request was for “ spot zoning to Business;” that a planning board duly effected the prepara *539 tion of a master plan for the future development of the town, showing the area in question “ is destined to develop into a residential area;” that in the immediate area of the said premises are five farms and 53 residential properties, the trend is to residential, without any business. The answer, also, alleges an affirmative defense that this court lacks jurisdiction because the petitioner claims a valid nonconforming use. No reply has been served upon the respondents, or submitted to the court, disputing any of the affirmative matters contained in the answer.
The issues of fact were tried before this court sitting without a jury.
The petitioner owns a 20-acre “ farm ” and “ residence ” on the south side of. New Oregon Road, Town of Eden, New York, which he has owned for about 40 years. The neighboring properties consist of “farms” and “residences,” except that on July 30, 1959 there was a commercial sign in front of the “ Schroder” property about 1,350 feet away from the petitioner’s property, advertising Armstrong Flooring covering. One Paul Wendling is doing “ business ” about 800 or 900 feet to the south; one Jakiel1 ‘ ran a mill up there, milling out window frames and such as that, and now he has got cars up there, old cars and new cars.” One Wendling has a retail meat business ; Frank Swartz & Son carries on a “ farm and implement business ” about one mile away from the petitioner.
The petitioner’s alleged “business” consisted of selling second-hand farm equipment such as a wagon, sulky packer, mowing machine, horse rake, double harness, potato digger, milking machine, corn binder, Chevrolet truck, and the like.
At the time of the hearing, the Schroder sign was removed; the Country Sausage Kitchen conducted by Paul Wendling started about six years ago, before the zoning ordinance took effect January 1,1949; the Swartz business had been conducted for about 40 years.
Between 1941 and 1951, the petitioner’s son overhauled tractors, cars and machinery occasionally. He sold two scooters in 1948.
It was stipulated by the parties that the petitioner’s premises were in an agricultural district.
A master plan and survey of the entire town was started in 1957, for the Town Planning Board, prepared by Tryon and Schwartz & Associates of Buffalo, New York (planners, engineers, landscape architects, zoning consultants), under the auspices of the Housing & Home Finance Agency and the New York State .Department of Commerce, financed under section 701 of the Housing Act of 1954, 68 U. S. Stat. 640, as amended; the *540 Federal Government paid $4,000, New York State $2,000, Town of Eden, $2,000 for the plan; it was completed August 1, 1958. The premises of the petitioner are located in the “ Clarksburg Community ’ ’ described on pages 13 and 14 of the plan, zoned “Agricultural,” as: “This Community is perhaps the most picturesque section of Eden. Many estate-type developments for summer and year-round occupancy are located in this area, especially in the vicinity of the Creek. Large wooded tracts are prominent in many parts of this Community. The area is practically void of any lousiness or industrial type uses. Farming activities predominate in the western and eastern sections of Clarksburg.” (Emphasis supplied.)
The evidence amply supports the conclusions reached in the plan.
The petitioner contends that article 9, entitled 6 ‘ Farmland or Agricultural Districts,” section 70, Zoning Ordinance, Town of Eden, Erie County, New York, effective January 1, 1949, is ‘ ‘ null and void, of no force or effect and violates the constitutional rights of the petitioner. ’ ’
Section 70 of said Zoning Ordinance, as it applies hereto, provides, in part:
“ All areas of the Town of Eden, not included in Districts A, B, C, Residential, A-B Business Districts, and Industrial District, and not at present otherwise used or designated, shall be known as Farm or Agricultural as regards the application of this Zoning Ordinance. Such farm or agricultural areas may be converted to other use or uses by amendment to this Ordinance, by the Town Board in a manner provided by law.
“ 1. All building construction, alterations and improvements shall be done, only after obtaining a permit as provided by the Town Ordinance, and shall be done subject to the inspection and requirements of the Building Inspector.
“ 2. All commercial billboards, and other signs not otherwise referred to in this Ordinance shall be prohibited. ’ ’
Section 1285 of the Civil Practice Act, entitled: ‘ ‘ When relief not ávailable,” provides, in part:
“Except as otherwise expressly prescribed by statute, the procedure under this article (78) shall not be available to review a determination in any of the following cases:
‘ ‘ 4. "Where it can be adequately reviewed by an appeal to a court or to some other body or officer.”
Section 137 of the Town Law entitled, “ Issuing of licenses,” provides, in part: ‘ ‘ Any applicant who has been refused a license by the town clerk * * * may apply to the town *541 board therefor, and the same may be granted or refused by the board, except as prohibited herein.”
Where the petitioner, as here, cannot obtain adequate relief from the Town Board because it cannot hear and determine the constitutionality of the ordinance, therefore, it is proper for this court to assume jurisdiction and decide the entire controversy. (Matter of Cherry v. Brumbaugh, 255 App. Div. 880.)
Generally, legislation of this character is presumed constitutional in the absence of some factual foundation of record for overthrowing it. (Town of I slip v. Summers Coal & Lumber Co. 257 N. Y. 167, 170.) Unless the petitioner is affected by the alleged unconstitutionality of the statute in a specific way, it cannot complain. (People v. Beakes Dairy Co., 222 N. Y. 416, 429.) In the exercise of the police power, the uses in a municipality to which property may be put have been limited and also prohibited. (See list in Lincoln Trust Co. v. Williams Bldg. Corp., 229 N. Y., 313, 317.) The right of communities to enact ordinances restricting uses of land, even to the point of terminating prior uses involving large investments, has been recently extended by our highest court. (Matter of Harbison v. City of Buffalo, 4 N Y 2d, 553. See, also, Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 334, 339.) The only issue before this court is whether the determination by the board was prejudiced, arbitrary, capricious, or contrary to law. (Matter of Del Vecchio v. Tuomey, 283 App. Div. 955, affd. 308 N. Y. 749, motion for reargument denied, 308 N. Y. 834.)
Generally, a zoning ordinance passed after the issuance of a permit may ipso facto revoke it; a fortiori, if no permit has issued, no vested right thereto exists. (People v. Miller, 304 N. Y. 105, 108-109.)
Here, no permit has issued. Thus, no vested right to it exists.
There is a general presumption that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done. (Matter of Marcellus, 165 N. Y. 70, 77; Matter of Whitman, 225 N. Y. 1, 9.)
The petitioner’s attorney took the position that the Zoning Ordinance was null and void in these words: “if they were published and posted according to law, then there is no objection, but I think it is a question they have to prove they were.” (Emphasis supplied.) In other words, the petitioner places the burden of proof upon the respondents; such is not the law.
*542 The burden is upon the petitioner for an order under article 78 of the Civil Practice Act, to prove the necessity and propriety of granting the order, which lies ultimately in the sound discretion of the court. (Matter of Newman v. Smith, 263 App. Div. 85, 87, affd. 289 N. Y. 545.) The party who attacks a zoning ordinance, as here, has the burden of showing that it is not justified under the police power of the State by any reasonable interpretation of the facts; if the validity of the ordinance is fairly debatable, it must be upheld. (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118.) “ To sustain an attack upon the validity of the ordinance an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions upon his property preclude its use for any purpose to which it is reasonably adapted.” (Emphasis supplied. Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 226.)
Here, the petitioner has not met his burden of proof. Farming is still conducted on the petitioner’s premises as a primary function. The incidental sale of used farm equipment that has been apparently been replaced from time to time to conduct the farm, does not justify the spot zoning from agricultural to business in order to allow the petitioner to conduct a new business selling new farm equipment after the Zoning Ordinance has been enacted. The commercial sign in this agricultural zone is clearly “prohibited” by the valid ordinance. (See Zoning Ordinance, Town of Eden article 9, § 70, subd. 2.) ‘6 In this state, then, existing nonconforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance, if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner.” (People v. Miller, 304 N. Y. 105, 109.)
The refusals of the respondents to rezone and to issue a permit as requested were proper.
If a petitioner desires to dispute any affirmative matter in the answer, or the transcript of the record of proceedings annexed to the answer, it shall serve upon the respondents, and submit to the court, on or before the return day, a reply, as in an action. (Civ. Prac. Act, § 1292.) Otherwise, the affirmative matter and the record are deemed admitted to be true, there being no triable issue permitting summary disposition. (Matter of Hines v. La Guardia, 293 N. Y. 207, 216; Matter of Bernola v. Fletcher, 280 App. Div. 870; Matter of Ackerman v. Kern, 256 App. Div. 626, 630, affd. 281 N. Y. 87.)
Overlooking the petitioner’s omission to serve a reply, herein, the court’s conclusion remains the same.
Proceedings dismissed upon 'the merits, without costs.