Jacob Markowitz, J.
Petitioner, an employee in the coat and suit industry, seeks in this article 78 proceeding, to review a determination of the Appeals Committee of the Coat and Suit Industry’s Retirement Fund which declared him ineligible for retirement fund benefits. The question presented, at the very threshold, is whether such a determination is reviewable in an *842 article 78 proceeding and the answer, under well-settled law, is that it is not.
The terms of the statute (Civ. Prac. Act, §§ 1283-1306), its legislative history (Third Annual Report of N. Y. Judicial Council, 1937, p. 133) and judicial decisions interpreting it, all plainly indicate that “ the express purpose of article 78 [was] only to liberalize the handling of the various writs of certiorari to review, mandamus and prohibition * * * [and] the changes effected must be considered procedural and should not be taken to represent any substantial extension or subtraction of the classic substantive principles underlying these ancient remedies ” (Toscano v. McGoldrick, 300 N. Y. 156, 161-162 ; see, also, Matter of Schulman v. McMorran, 9 A D 2d 1007). This being so, we may only determine whether an article 78 proceeding will lie to review a determination such as is here at issue by looking to the “ ancient remedies ” of certiorari and mandamus themselves.
At common law, the function of the writ of certiorari, no less than of the writ of mandamus, was “to enforce performance of some act or duty commanded by statute or relating- to some public matter or right”. (Matter of Weidenfeld v. Keppler, 84 App. Div. 235, 237, affd. on opinion below 176 N. Y. 562; see, also, Matter of Newman v. Smith, 263 App. Div. 85, affd. 289 N. Y. 545; Matter of Pratt v. Rudisule, 249 App. Div. 305.) Furthermore, these writs would not issue “ where another remedy [was] available or provided by law ” (Matter of Towers Management Corp. v. Thatcher, 271 N. Y. 94, 97). The writs only served, in other words, the purposes of reviewing or compelling official action, and they were available for such purposes only if no other alternative remedy was at hand.
Applying, as I must (Toscano v. McGoldrick, 300 N. Y. 156, 161-162, supra), these established principles to the availability of article 78 in the case before me, I am compelled to conclude that the proceeding will not lie. The right to a pension, which the petitioner asserts, arises out of an agreement between private parties in the nature of a trust or contract and not out of a statute, administrative regulation, or some other official act. Furthermore, the body whose determination he seeks to review is a private one and not one established by law. Finally, it is apparent that the petitioner has an alternative remedy in the form of a plenary suit, either at law or equity. For all of these reasons, certiorari or mandamus would not have been available at common law, and, therefore, an article 78 proceeding is not presently available (see Matter of Machado v. Beckmann, 276 App. Div. 928; Matter of Newman v. Smith, 263 App. *843 Div. 85, affd. 289 N. Y. 545, supra; Matter of Heller v. Merchandisers, Inc., 9 Misc 2d 106; Regalady Lingerie Corp. v. 524 Broadway Corp., 82 N. Y. S. 2d 353).
The only argument which the petitioner puts forward against the conclusion that an article 78 proceeding is inappropriate to review a determination of the Appeals Committee of the Coat and Suit Industry’s Eetirement Fund is that that body, although not a public one,1 ‘ is imbued with an overriding public interest. ’ ’ “ This Court’s authority and jurisdiction,” the petitioner contends, “ should be exercised to insure the proper management and operation of the Fund [because] of [its] magnitude * * * and the number of workmen and others affected by it.”
There is considerable merit to the contention that numerous so-called private bodies in our society exercise a truly public function and are vested with a strong public interest. Among other facts of their operation, the number of people whose rights are affected by the action of such bodies and the official sanction which is given to their operation, whether directly in the form of statutory authorization or indirectly in the form of tax privileges, require that their designation as private bodies be regarded with some reservation. In view of the clearly articulated purposes and limitations of article 78, however, such considerations as the petitioner puts forward can only be considered to be within the province of the Legislature rather than the judiciary. And it is to that body, rather than the courts, to which the petitioner must look for some remedy other than the common-law actions or suit in equity which is presently available to him.
For the reasons stated, the petition must be dismissed.