In the Matter of CRANE Co., Appellant, v ANACONDA COMPANY, Respondent.

First Department, January 29, 1976

*John J. Loflin,* of counsel *(R. Scott Greathead* with him on the brief; *Lord Day & Lord,* attorneys), for appellant.

*Edward C. McLean, Jr.,* of counsel *(Michael C. Gilbert* and *Terry A. Thompson* with him on the brief; *Chadbourne, Parke, Whiteside & Wolff,* attorneys), for respondent.

SILVERMAN, J. Petitioner Crane Co. appeals from a judgment of the Supreme Court at Special Term dismissing its petition under section 1315 of the Business Corporation Law for inspection of and access to the stock records of respondent Anaconda Company.

Petitioner-appellant Crane is the owner of over 2,350,000 shares or over 11% of the stock of respondent Anaconda. It is seeking to acquire by public tender up to a total of 5,000,000 shares or about 22½% of Anaconda's stock. The offer is apparently one for exchange of Anaconda's stock for Crane's

securities and the total commitment for 5,000,000 shares is said to represent approximately $100,000,000.

Acting under section 1315 of the Business Corporation Law, petitioner demanded inspection of Anaconda's stock books and the right to make extracts therefrom. Subdivision (b) of section 1315 (applicable to foreign corporations, which Anaconda is) provides that such examination may be denied upon the refusal of the stockholder to furnish "an affidavit that such inspection is not desired for a purpose which is in the interest of a business or object other than the business of the foreign corporation." Petitioner Crane has furnished such an affidavit. But Anaconda's directors have refused to make the stock records available, on the ground that inspection is desired for a purpose which is in the interest of a business or object other than the business of Anaconda. Petitioner thereupon brought this proceeding under subdivision (c) of section 1315 of the Business Corporation Law for the court to direct production and examination of the stock records. Special Term has dismissed that petition and petitioner has appealed to this court.

We agree with Special Term that petitioner's overriding purpose in seeking the inspection of the list is urging acceptance of its proposed exchange offer and that its other motivations are ancillary to that overriding purpose. But we do not think this forecloses the issue.

The cases with respect to inspection of stock records to facilitate a tender offer are in some conflict. (See Aranow and Einhorn, Tender Offers for Corporate Control, p 15.) Cases in this jurisdiction also seem to point both ways. Perhaps the leading case in this jurisdiction pointing toward denial of such an application is *Matter of Newman v Smith* (263 App Div 85 [1st Dept., 1941], affd 289 NY 545). On the other hand, *Matter of Houston Oil Field Material Co. v Holly Sugar Corp.* (NYLJ, March 14, 1967, p 16, col 1 [Sup Ct NY County, GELLER, J.], affd 27 AD2d 906 [1st Dept., 1967]) granted such an inspection in closely similar circumstances. Each case turns on its own facts and is readily distinguishable from the present case and from other decisions in the field.

We think that present day concepts of corporate responsibility and openness require us not to interpret too narrowly the phrase "the business of the foreign corporation" in section 1315, and not to apply to that statute the rules traditionally applied in distinguishing between derivative and nonderivative suits. We think that where the matter is one of general

interest to the stockholders of the corporation, in connection with their common interest in the corporation as stockholders, it should not be deemed to be "a purpose which is in the interest of a business or object other than the business of the foreign corporation," and that inspection of the stock records should be permitted in a proper case.

Here the petitioner is the largest stockholder of one of the leading American corporations. Its offer is made to all the stockholders and involves a huge financial commitment. It is a matter of interest to all the stockholders in relation to their stock holdings of Anaconda. Petitioner alleges that it does not seek control of Anaconda; it has stipulated in the Federal court to that effect (75 Civ 4535 RO, KEVIN DUFFY, D.J.) and, indeed it has consented not to seek representation on the board of directors of Anaconda. (This consideration really cuts both ways; it shows that Crane may simply be seeking to make an investment here; but it also is a refutation by Crane of Anaconda's statement to its stockholders to the contrary.) The directors of Anaconda sent four letters to the stockholders of Anaconda opposing the tender. In the *Houston Oil* case *(supra)* Judge GELLER thought this an important consideration in favor of making the stock records available to the tender offeror. It is desirable that the stockholders have available to them not only information from the side that opposes but also information from the side that favors the tender. Incidentally, Anaconda's spending corporate money to circularize its stockholders in opposition to the tender would seem to be a tacit recognition that the tender offer is a matter justifying the expenditure of corporate funds, i.e., a matter of corporate business in the broad sense.

On balance we hold that petitioner should be granted access to the stock records of Anaconda and we so direct.

Order and judgment, Supreme Court, New York County (ASCH, J.), entered January 9, 1976, denying petitioner's application for inspection of stock records of respondent and dismissing petition should be reversed, on the law and in the exercise of discretion, and the petition should be granted directing respondent to permit petitioner to have access to the stock records of respondent, without costs.

Settle order on one day's notice.

KUPFERMAN, J. P., and LUPIANO, J., concur with SILVERMAN, J.; MURPHY and YESAWICH, JJ., dissent and vote to affirm on opinion of ASCH, J., at Special Term.

Judgment, Supreme Court, New York County, entered on January 9, 1976, reversed, on the law and in the exercise of discretion, without costs and without disbursements, and the petition granted directing respondent to permit petitioner to have access to the stock records of respondent.

Settle order on one day's notice.